**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
OCT 31 2002
[illegible] CLERK [illegible] COURT

JODI HAGERMAN, individually and as personal representative of the Estate of Joseph Curry, 1029 Hoa Street, Honolulu, HI 96825;

ELIZABETH VRENIOS, individually and as personal representative of the Estate of Nicholas A. Vrenios, 6313 Valley Road, Bethesda, MD 20817;

ANASTASIOS VRENIOS, 6313 Valley Road, Bethesda, MD 20817;

CHRISTOPHER VRENIOS; 6313 Valley Road, Bethesda, MD 20817;

E. PETER GABOR, individually and as personal representative of the Estate of Ibolya Gabor; 608 Trenton Drive, Beverly Hills, CA 90210;

IVAN R. GABOR; c/o E. PETER GABOR, 608 Trenton Drive, Beverly Hills, CA 90210;

ETHEL HURST, individually and as personal representative of the Estate of Eugene Hurst; 939 Fountain Run, Naples, FL 34119;

SPENCER HURST; 718 Rojean Ct., Ellisville, MO 63021;

MITCHELL HURST; 1555 Royal Blvd., Glendale, CA 91207;

SHARON HURST; 939 Fountain Run, Naples, FL 34119;

MARY DIAMOND; c/o Michelle Porter, 570 E. 93rd Street, Brooklyn, NY 12236;

GWENNTH FORDE; P.O. Box 1483, St. Vincent, W.I.;

VICTORIA PORTER; c/o Michelle Porter, 570 E. 93rd Street, Brooklyn, NY 12236;

**COMPLAINT/JURY**
**TRIAL DEMANDED**

JURY ACTION

CASE NUMBER 1:02CV02147

JUDGE: Henry H. Kennedy

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 10/31/2002

ECF

1

ELFRIEDA PORTER-BACCHUS; )
91 Remsen Avenue, Brooklyn, NY 11212; )
)
OLGA HUSBANDS; Michelle Porter, )
570 E. 93rd Street, Brooklyn, NY 12236; )
)
VERNON DRUSES; Michelle Porter, )
570 E. 93rd Street, Brooklyn, NY 12236; )
)
RANDOLPH PORTER; Michelle Porter, )
570 E. 93rd Street, Brooklyn, NY 12236; )
)
CHARLES LINCOLN; 74 Langlois Avenue, )
Williamstown, MA 02167; )
)
ROSEMARY DOYLE )
c/o Maureen Doyle-Geddes )
48 Lexington Circle, Marlton, NJ 08053; )
)
MAUREEN DOYLE-GEDDES )
48 Lexington Circle, Marlton, NJ 08053; )
)
JAMES MULROY )
84 Hill View Crescent Banbury, )
Oxon, United Kingdom, OX161BP; )
)
ELEANOR HUDSON; 2430 Vineyard Lane, )
Crofton, MD 21114; )
)
WILLIAM D.HUDSON; 2430 Vineyard Lane, )
Crofton, MD 21114; )
)
STEPHEN P. HUDSON; 196 Main Street, )
Flemington, NJ 08822; )
)
PAUL J.HUDSON; 104 Sullivan Street, Apt B, )
New York, NY 10012; )
)
WILLIAM B. HUDSON, individually )
and as personal representative of the )
Estate of Maybelle S. Hudson, )
200 Laurel Lake Drive )
#215 W. Hudson, OH 44236; )
)
and DAVID J. ROSSI )
as personal representative of the )

Estate of Melina Rossi and as personal representative of the Estate of Joseph Rossi, )

-against- )

THE SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, LIBYAN EXTERNAL SECURITY ORGANIZATION, LIBYAN ARAB AIRLINES, ABDEL BASSET ALI AL-MEGRAHI, LAMEN KHALIFA FHIMAH, and JOHN DOES # 1-20, addresses unknown )

Defendants. )

---

Plaintiffs Jodi Hagerman, individually and as personal representative of the Estate of Joseph Curry, Elizabeth Vrenios, individually and as personal representative of the Estate of Nicholas A. Vrenios, Anastasios Vrenios, Christopher Vrenios, E. Peter Gabor, individually and as personal representative of the Estate of Ibolya Gabor, Ivan R. Gabor, Ethel Hurst, individually and as personal representative of the Estate of Eugene Hurst, Spencer Hurst, Mitchell Hurst, Sharon Hurst, Mary Diamond, Gwennth Forde, Victoria Porter, Elfrida Porter-Bacchus, Olga Husbands, Vernon Druses, Randolph Porter, Charles Lincoln, Rosemary Doyle, Maureen Doyle-Geddes, James Mulroy, Eleanor Hudson, William D. Hudson, Stephen P. Hudson, Paul J. Hudson, William B. Hudson, individually and as personal representative of the Estate of Maybelle S. Hudson, and David J. Rossi, as personal representative of the Estate of Melina Rossi and as personal representative of the Estate of Joseph Rossi, as and for their Complaint allege as follows:

1. This is a proceeding for monetary damages arising out of the terrorist bombing of Pan American Flight 103 by the defendant, the Socialist People's Libyan Arab Jamahiriya, its instrumentalities, agents and employees.

**THE PARTIES**

1. Plaintiff Jodi Hagerman is a citizen of the United States who resides in Honolulu, HI. She is the widow and personal representative of Joseph Curry, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

2. Plaintiff Elizabeth Vrenios is a citizen of the United States who resides in Bethesda, MD. She is the mother and personal representative of Nicholas A. Vrenios, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

3. Plaintiff Anastasios Vrenios is a citizen of the United States who resides in Bethesda, MD. He is the father of Nicholas A. Vrenios, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

4. Plaintiff Christopher Vrenios is a citizen of the United States who resides in Bethesda, MD. He is the brother of Nicholas A. Vrenios, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

5. Plaintiff E. Peter Gabor is a citizen of the United States who resides in Beverly Hills, CA. He is the son of Ibolya Gabor, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

6. Plaintiff Ivan R. Gabor is a citizen of the United States who resides in Beverly Hills, CA. He is the son of Ibolya Gabor, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

7. Plaintiff Ethel Hurst is a citizen of the United States who resides in Naples, FL. She is the mother of Roger Hurst, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103. She is the widow and personal representative of Eugene Hurst, who was the father of Roger Hurst.

8. Plaintiff Spencer Hurst is a citizen of the United States who resides in Ellisville, MO. He is the brother of Roger Hurst, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

9. Plaintiff Mitchell Hurst is a citizen of the United States who resides in Glendale,

CA. He is the brother of Roger Hurst, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

10. Plaintiff Sharon Hurst is a citizen of the United States who resides in Naples, FL. She is the sister of Roger Hurst, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

11. Plaintiff Mary Diamond is a citizen of the United States who resides in Brooklyn, New York. She is the mother of Walter Porter, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

12. Plaintiff Gwenneth Forde is a citizen of the United States who resides in St. Vincent, West Indies. She is the sister of Walter Porter, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

13. Plaintiff Victoria Porter is a citizen of the United States who resides in Brooklyn, New York. She is the sister of Walter Porter, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

14. Plaintiff Elfrida Porter-Bacchus is a citizen of the United States who resides in Brooklyn, New York. She is the sister of Walter Porter, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

15. Plaintiff Olga Husbands is a citizen of the United States who resides in Brooklyn, New York. She is the sister of Walter Porter, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

16. Plaintiff Vernon Druses is a citizen of the United States who resides in Brooklyn, New York. He is the brother of Walter Porter, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

17. Plaintiff Randolph Porter is a citizen of the United States who resides in Brooklyn, New York. He is the brother of Walter Porter, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

18. Plaintiff Charles Lincoln is a citizen of the United States who resides in

Williamstown, MA. He is the father of Wendy Lincoln, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

19. Plaintiff Rosemary Doyle is a citizen of the United States who resides in Mt. Laurel, NJ. She is the mother of Michael J. Doyle, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

20. Plaintiff Maureen Doyle-Geddes is a citizen of the United States who resides in Marlton, NJ. She is the sister of Michael J. Doyle, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

21. Plaintiff James Mulroy is a citizen of Great Britain who resides in Oxon, United Kingdom. He is the brother of John Mulroy, the brother of Bridget Concannon, the uncle of Sean Concannon, and the brother-in-law of Tom Concannon, all of whom were killed while airline passengers in the terrorist bombing of Pan Am Flight 103.

22. Plaintiff Eleanor Hudson is a citizen of the United States who resides in Crofton, MD. She is the mother of Melina K. Hudson, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

23. Plaintiff William D. Hudson is a citizen of the United States who resides in Philadelphia, PA. He is the brother of Melina K. Hudson, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

24. Plaintiff Stephen P. Hudson is a citizen of the United States who resides in Flemington, NJ. He is the brother of Melina K. Hudson, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

25. Plaintiff Paul J. Hudson is a citizen of the United States who resides in New York, NY. He is the brother of Melina K. Hudson, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103.

26. Plaintiff William B. Hudson is a citizen of the United States who resides in Hudson, OH. He is the grandfather of Melina K. Hudson, who was killed while an airline passenger in the terrorist bombing of Pan Am Flight 103. He is the widower and personal

representative of Maybelle S. Hudson, who was the grandmother of Melina K. Hudson.

27. Plaintiff David J. Rossi is a citizen of the United State who resides in Cleveland, OH. He is the personal representative of the Estate of Melina Rossi, who was the grandmother of Melina K. Hudson. He is also the personal representative of the Estate of Joseph Rossi, who was the grandfather of Melina K. Hudson.

28. Defendant the Socialist People's Libyan Arab Jamahiriya ("Libya") is a foreign state, as defined in 28 U.S.C. § 1603(a), located in northern Africa.

29. Defendant Libyan External Security Organization, a/k/a Jamahiriya Security Organization ("JSO"), is the Libyan intelligence service through which Libya conducted acts of extrajudicial killing, aircraft sabotage and other acts of terrorism, including the bombing of Pan Am Flight 103.

30. Defendants Abdel Basset Ali Al-Megrahi, a/k/a Abdelbaset Ali Mohmed, a/k/a AbdelBaset Ali Mohmed Al Megrahi, a/k/a "Mr. Baset," a/k/a Ahmed Khalifa Abdusamad, and a/k/a Abd al-Basit al-Megrahi ("Al-Megrahi"), and Lamen Khalifa Fhimah, a/k/a Al Amin Khalifa Fhimah and a/k/a "Mr. Lamin" ("Fhimah") are citizens of Libya and are intelligence agents of Libya and its intelligence service and at times during the perpetration of the terrorist acts alleged herein were or continue to be employees of the Libyan Arab Airlines.

31. Defendant Libyan Arab Airlines ("LAA") is an airline owned by Libya and operated as a commercial enterprise of Libya. LAA actively and knowingly participated in its government's terrorist activities.

32. Defendants John Does #1-20 are employees, agents, and/or representatives of the JSO who actively and knowingly participated in Libya's terrorist activities, including, without limitation, having commanded, ordered, supervised, and funded the bombing of Pan Am Flight 103.

## OTHER RELEVANT PERSONS

33. At all relevant times, Pan American World Airways, an airline corporation registered under 49 U.S.C. § 20, provided commercial passenger air service between the United

States and Europe. In December 1988, Pan American World Airways operated a leased civil aircraft bearing number N739PA. The civil aircraft bearing number N739PA was registered with the Federal Aviation Administration pursuant to federal law and operated within the special aircraft jurisdiction of the United States. On December 21, 1988, the civil aircraft bearing number N739PA was designated by Pan American World Airways as Flight 103 ("Pan Am Flight 103").

## JURISDICTION AND VENUE

34. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1330, 1331, 1332(a)(2), 1350, and 18 U.S.C. § 2333(a). Jurisdiction is also invoked pursuant to 18 U.S.C. § 7 et seq., commonly known as the Special Maritime and Territorial Jurisdiction Act.

35. Libya, the JSO, LAA and the individual defendants are subject to suit in the courts of the United States pursuant to 28 U.S.C. §§ 1330, 1605(a)(7), 1605 note and 18 U.S.C. § 2333(a).

36. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

## FACTUAL ALLEGATIONS

37. On December 21, 1988, Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson were on board Pan Am Flight 103. The flight, which originated in Frankfurt, Germany, departed London, U.K. bound for New York.

38. At approximately 7:03 p.m. GMT, a bomb placed on board Pan Am Flight 103 exploded, causing the aircraft to crash and killing all passengers and crew on board.

39. The bomb which caused the crash of Pan Am Flight 103 was placed on board the aircraft and detonated by and at the direction of Libya, acting through agents of the JSO, including Al-Megrahi, Fhimah, and John Does # 1-20. Agents of the JSO, including John Does #1-20, acting on behalf and at the direction of Libya, arranged to smuggle the bomb on to Pan Am Flight 103 through Libya's airline facilities in Malta. Fhimah and Al-Megrahi, with

unknown others, including John Does #1-20, constructed an improvised explosive device consisting of plastic explosives containing the substances RDX and PETN, which had been purchased by Libya and provided to them by the JSO, and an MST-13 prototype digital electronic timer, which had been specially manufactured for and purchased by Libya.

40. This explosive device was placed and purposely concealed inside a portable Toshiba radio cassette player which was then packed inside the large, brown Samsonite suitcase brought to Malta by Fhimah and Al-Megrahi.

41. The JSO used the LAA to perpetrate and facilitate this terrorism. Covert intelligence operatives in the employ of the JSO and LAA, including Al-Megrahi and Fhimah, had access to the luggage-handling facilities of Air Malta and arranged to have the bomb sent to and placed on board Pan Am Flight 103.

42. On January 31, 2001, defendant Al-Megrahi was convicted of murder for arranging for the placement and detonation of a bomb on Pan Am Flight 103. His conviction was unanimously affirmed by the Scottish High Court of the Justiciary on March 14, 2002.

43. In arranging for the placement and detonation of a bomb on Pan Am Flight 103, defendants intended to cause personal injury and death to Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, Melina K. Hudson, and the other passengers and crew of Pan Am Flight 103.

44. In arranging for the placement and detonation of a bomb on Pan Am Flight 103, defendants intended to cause severe emotional distress to the family members of Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, Melina K. Hudson, and the other passengers and crew of Pan Am Flight 103.

45. The criminal acts committed by Al-Megrahi, Fhimah, and John Does #1-20 that resulted in the destruction of an American aircraft are within the special aircraft jurisdiction of the United States, and give rise to a civil cause of action by those injured insofar as such acts are

within the competence of a United States district court.

46. Al-Megrahi and Fhimah served as agents of Libya and the JSO and as employees of LAA during the relevant periods surrounding the planning and implementation of the bombing of Pan Am Flight 103. Without their activities and the support provided to them by Libya, including its instrumentalities, the bombing of Pan Am Flight 103 would not have occurred. Such activities constituted violations of the law of nations and of several United States statutes, and resulted in the injury and death of Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson. LAA's management knew or should have known that LAA aircraft and facilities were being utilized for activities that violated Libya's domestic laws, the laws of the United States and the law of nations.

47. Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson suffered personal injuries and death as a result of the bombing of Pan Am Flight 103 by defendants.

48. The surviving family members of Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson have suffered immense emotional and psychological pain and suffering as a result of the bombing of Pan Am Flight 103 by defendants.

49. Libya and the other defendants have willfully and deliberately concealed their roles in the bombing of Pan Am Flight 103.

50. Libya has continually refused to assist with the resolution of the issues surrounding the deliberate destruction of Pan Am Flight 103 despite international mandates to do so.

51. Despite Libya failure to accept responsibility for the terrorist bombing of Pan Am Flight 103, Libya has guaranteed payment of any judgments entered against Al-Megrahi and/or

Fhimah.

52. On February 27, 1992, the Ibrahim Bishari, Secretary of Libya's People's Committee for Foreign Liaison and International Cooperation, wrote to the Secretary General of the United Nations guaranteeing "the payment of any compensation that might be incurred by the responsibility of the two suspects [Al-Megrahi and Fhimah] who are its nationals in the event they are unable to pay."

53. By this language, Libya agreed to guaranty payment of any judgment rendered against its agents Al-Megrahi and Fhimah as a result of the terrorist bombing of Pan Am Flight 103.

**FIRST CAUSE OF ACTION**
**(Antiterrorism Act)**

54. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 53 as though set forth herein in full.

55. The Antiterrorism Act provides a cause of action against a foreign state designated as a state sponsor of terrorism under§ 6(j) of the Export Administration Act of 1979, its officials, employees and agents for acts of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support and resources for such acts. See 28 U.S.C. §§ 1605(a)(7), 1605 note; see also 18 U.S.C. § 2333(a) (cause of action for acts of international terrorism).

56. Libya was designated as a state sponsor of terrorism pursuant to § 6(j) of the Export Administration Act of 1979 as a result of the bombing of Pan Am Flight 103.

57. Defendants' bombing of Pan Am Flight 103 was an act of international terrorism.

58. Defendants' bombing of Pan Am Flight 103 constituted an extrajudicial killing and aircraft sabotage.

59. In bombing Pan Am Flight 103, defendants Al-Megrahi and/or Fhimah were acting with the scope of their employment as officers and/or employees of the JSO and LAA.

60. Defendants Libya, the JSO, and LAA provided material support and resources to

defendants Al-Megrahi and/or Fhimah for the bombing of Pan Am Flight 103.

61. Defendants conspired among themselves to bomb Pan Am Flight 103 in violation of the Antiterrorism Act, and took numerous overt steps in furtherance of such conspiracy.

62. By bombing Pan Am Flight 103, Libya and other defendants killed and caused personal injuries to Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson, including, but not limited to, loss of life, pain and suffering, and economic damages.

63. By bombing Pan Am Flight 103, Libya and other defendants caused personal injuries to plaintiffs Jodi Hagerman, Elizabeth Vrenios, Anastasios Vrenios, Christopher Vrenios, E. Peter Gabor, Ivan R. Gabor, Ethel Hurst, Spencer Hurst, Mitchell Hurst, Sharon Hurst, Mary Diamond, Gwennth Forde, Victoria Porter, Elfrida Porter-Bacchus, Olga Husbands, Vernon Druses, Randolph Porter, Charles Lincoln, Rosemary Doyle, Maureen Doyle-Geddes, James Mulroy, Eleanor Hudson, William D. Hudson, Stephen P. Hudson, Paul J. Hudson, and William B. Hudson, including, but not limited to, intense emotional and psychological pain and suffering and the loss of the society and comfort of their family members who were killed on board Pan Am Flight 103.

## SECOND CAUSE OF ACTION
## (Torture Victim Protection Act)

64. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 63 as though set forth herein in full.

65. The Torture Victim Protection Act, 28 U.S.C. § 1350 note, provides a cause of action for torture and extrajudicial killing by foreign states and their employees and agents.

66. Defendants' bombing of Pan Am Flight 103 was an extrajudicial killing.

67. In bombing Pan Am Flight 103, defendants Al-Megrahi and/or Fhimah were acting within the scope of their employment as officers and/or employees of the JSO and LAA,

and under color of law.

68. Defendants conspired among themselves to bomb Pan Am Flight 103 in violation of the Torture Victim Protection Act, and took numerous overt steps in furtherance of such conspiracy.

69. By bombing Pan Am Flight 103, Libya and other defendants killed and caused personal injuries to Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson, including, but not limited to, loss of life, pain and suffering, and economic damages.

70. By bombing Pan Am Flight 103, Libya and other defendants caused personal injuries to plaintiffs Jodi Hagerman, Elizabeth Vrenios, Anastasios Vrenios, Christopher Vrenios, E. Peter Gabor, Ivan R. Gabor, Ethel Hurst, Spencer Hurst, Mitchell Hurst, Sharon Hurst, Mary Diamond, Gwennth Forde, Victoria Porter, Elfrida Porter-Bacchus, Olga Husbands, Vernon Druses, Randolph Porter, Charles Lincoln, Rosemary Doyle, Maureen Doyle-Geddes, James Mulroy, Eleanor Hudson, William D. Hudson, Stephen P. Hudson, Paul J. Hudson, and William B. Hudson, including, but not limited to, intense emotional and psychological pain and suffering and the loss of the society and comfort of their family members killed on board Pan Am Flight 103.

**THIRD CAUSE OF ACTION**
**(Wrongful Death)**

71. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 70 as though set forth herein in full.

72. In bombing Pan Am Flight 103, defendants intentionally and wrongfully caused the deaths of Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson.

73. Defendants conspired among themselves to bomb Pan Am Flight 103 and kill its passengers, including Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson, and took numerous overt steps in furtherance of such conspiracy.

74. By bombing Pan Am Flight 103, Libya and other defendants killed and caused personal injuries to Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson, including, but not limited to, loss of life, pain and suffering, and economic damages.

75. By bombing Pan Am Flight 103, Libya and other defendants caused personal injuries to plaintiffs Jodi Hagerman, Elizabeth Vrenios, Anastasios Vrenios, Christopher Vrenios, E. Peter Gabor, Ivan R. Gabor, Ethel Hurst, Spencer Hurst, Mitchell Hurst, Sharon Hurst, Mary Diamond, Gwennth Forde, Victoria Porter, Elfrida Porter-Bacchus, Olga Husbands, Vernon Druses, Randolph Porter, Charles Lincoln, Rosemary Doyle, Maureen Doyle-Geddes, James Mulroy, Eleanor Hudson, William D. Hudson, Stephen P. Hudson, Paul J. Hudson, and William B. Hudson, including, but not limited to, intense emotional and psychological pain and suffering and the loss of the society and comfort of their family members killed on board Pan Am Flight 103.

**FOURTH CAUSE OF ACTION**
**(Battery)**

76. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 75 as though set forth herein in full.

77. In bombing Pan Am Flight 103, defendants intentionally and wrongfully committed a battery and caused the deaths of Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon,

Tom Concannon, Sean Concannon, and Melina K. Hudson.

78. Defendants conspired among themselves to bomb Pan Am Flight 103 and kill its passengers, including Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson, and took numerous overt steps in furtherance of such conspiracy.

79. By bombing Pan Am Flight 103, Libya and other defendants killed and caused personal injuries to Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson, including, but not limited to, loss of life, pain and suffering, and economic damages.

80. By bombing Pan Am Flight 103, Libya and other defendants caused personal injuries to plaintiffs Jodi Hagerman, Elizabeth Vrenios, Anastasios Vrenios, Christopher Vrenios, E. Peter Gabor, Ivan R. Gabor, Ethel Hurst, Spencer Hurst, Mitchell Hurst, Sharon Hurst, Mary Diamond, Gwennth Forde, Victoria Porter, Elfrida Porter-Bacchus, Olga Husbands, Vernon Druses, Randolph Porter, Charles Lincoln, Rosemary Doyle, Maureen Doyle-Geddes, James Mulroy, Eleanor Hudson, William D. Hudson, Stephen P. Hudson, Paul J. Hudson, and William B. Hudson, including, but not limited to, intense emotional and psychological pain and suffering and the loss of the society and comfort of their family members killed on board Pan Am Flight 103.

## FIFTH CAUSE OF ACTION
## (Intentional Infliction of Emotional Distress)

81. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 80 as though set forth herein in full.

82. The bombing of Pan Am Flight 103 was outrageous conduct and in violation of the law of nations and numerous international treaties.

83. In bombing Pan Am Flight 103 and killing its passengers, including , defendants intentionally caused severe emotional distress to the family members of passengers of Pan Am Flight 103, including the family members of Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson.

84. Defendants conspired among themselves to bomb Pan Am Flight 103, kill its passengers, including Joseph Curry, Nicholas Vrenios, Ibolya Gabor, Roger Hurst, Walter Porter, Wendy Lincoln, Michael Doyle, John Mulroy, Bridget Concannon, Tom Concannon, Sean Concannon, and Melina K. Hudson, and intentionally cause severe emotional distress to the families of passengers and took numerous overt steps in furtherance of such conspiracy.

85. By bombing Pan Am Flight 103, Libya and other defendants caused personal injuries to plaintiffs Jodi Hagerman, Elizabeth Vrenios, Anastasios Vrenios, Christopher Vrenios, E. Peter Gabor, Ivan R. Gabor, Ethel Hurst, Spencer Hurst, Mitchell Hurst, Sharon Hurst, Mary Diamond, Gwennth Forde, Victoria Porter, Elfrida Porter-Bacchus, Olga Husbands, Vernon Druses, Randolph Porter, Charles Lincoln, Rosemary Doyle, Maureen Doyle-Geddes, James Mulroy, Eleanor Hudson, William D. Hudson, Stephen P. Hudson, Paul J. Hudson, and William B. Hudson, including, but not limited to, intense emotional and psychological pain and suffering and the loss of the society and comfort of their family members killed on board Pan Am Flight 103.

**<u>SIXTH CAUSE OF ACTION</u>**
**(Guaranty Contract)**

86. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 85 as though set forth herein in full.

87. Libya, in consideration for greater international respectability and improved relations with the members of the United Nations, has guaranteed payment of any judgments entered against Al-Megrahi and Fhimah with respect to the bombing of Pan Am Flight 103.

88. Libya's guaranty contract obligates it to pay any unsatisfied judgments obtained against Al-Megrahi and Fhimah.

89. **WHEREFORE**, plaintiffs respectfully requests judgment as follows:

(a) on the First Cause of Action, compensatory damages, including, without limitation, economic loss, pain and suffering, and solatium damages, against all defendants in an amount to be determined at trial multiplied by three pursuant to 18 U.S.C. § 2333(a); special damages, including, without limitation, costs associated with psychological counseling, travel expenses related to the bombing, loss of earnings tied to the bombing, and; punitive damages against JSO, LAA, Al-Megrahi and Fhimah in an amount to be determined at trial;

(b) on the Second Cause of Action, compensatory damages, including, without limitation, economic loss, pain and suffering, and solatium damages, against all defendants in an amount to be determined at trial; special damages, including, without limitation, psychological counseling, travel expenses related to the bombing, loss of earnings tied to the bombing, and; punitive damages against JSO, LAA, Al-Megrahi and Fhimah in an amount to be determined at trial;

(c) on the Third Cause of Action, compensatory damages, including, without limitation, economic loss, pain and suffering, and solatium damages, against all defendants in an amount to be determined at trial; special damages, including, without limitation, costs associated with psychological counseling, travel expenses related to the bombing, loss of earnings tied to the bombing, and; punitive damages against JSO, LAA, Al-Megrahi and Fhimah in an amount to be determined at trial;

(d) on the Fourth Cause of Action, compensatory damages, including, without limitation, economic loss, pain and suffering, and solatium damages, against all defendants in an amount to be determined at trial; special damages, including, without limitation, costs associated with psychological counseling, travel expenses related to the bombing, loss of earnings tied to the bombing, and; punitive damages against JSO, LAA, Al-Megrahi and Fhimah in an amount to be determined at trial;

(e) on the Fifth Cause of Action, compensatory damages, including, without limitation, economic loss, pain and suffering, and solatium damages, against all defendants in an amount to be determined at trial; special damages, including, without limitation, costs associated with psychological counseling, travel expenses related to the bombing, loss of earnings tied to the bombing, and; punitive damages against JSO, LAA, Al-Megrahi and Fhimah in an amount to be determined at trial;

(f) on the Sixth Cause of Action against Libya, payment of all or any unpaid part of any judgment(s) obtained in this action against Al-Megrahi and/or Fhimah;

(g) such other and further legal or equitable relief as this court deems just and proper, together with attorney's fees, interest, costs and disbursements of this action pursuant to18 U.S.C. § 2333(a)

HARRIS, WILTSHIRE & GRANNIS LLP

Patrick O'Donnell
D.C. Bar # 459360
1200 Eighteenth Street, NW
12th Floor
Washington, DC 20036
*Attorneys for Plaintiffs*

Dated: October 31, 2002

Of Counsel:

EMERY CUTI BRINCKERHOFF & ABADY PC
Richard D. Emery
Jonathan S. Abady
Sarah Netburn
545 Madison Avenue
New York, NY 10022